**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**EDWINA VONKEISLER and ELIZABETH DUPREE            PLAINTIFFS**

**V.                                               CIVIL ACTION NO.1:06CV066 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY            DEFENDANT**


**MEMORANDUM OPINION**

The Court has before it Defendant Nationwide Mutual Fire Insurance Company's (Nationwide) motion for summary judgment. For the reasons set out below, this motion will be denied.

This is an action for property damage sustained in Hurricane Katrina. Plaintiffs Edwina Vonkeisler and Elizabeth Dupree are the insureds under a Nationwide homeowners policy (policy number 63-23-MP-656-580) and under a flood insurance policy. The policy limit of $139,100 under the plaintiffs' flood coverage has been paid. The remaining controversy concerns issues of coverage and damage under the Nationwide homeowners policy.

The insured property is situated at 128 Carroll Avenue, Bay St. Louis, Mississippi. The Nationwide policy provides coverage of $161,200 for the insured dwelling, $16,120 for other structures, $119,470 for personal property, and $32,240 for loss of use. There is a 2% hurricane deductible. Under the "Hurricane Coverage" provisions of the policy, the deductible is calculated as a percentage of the policy limit applicable to the dwelling. Thus, the deductible for the plaintiffs is equal to 2% of $161,200 ($3,224).

The parties apparently agree that the Nationwide policy excludes coverage for damage caused by storm surge flooding. The parties also apparently agree that the Nationwide policy does provide coverage for damage caused by wind and other perils in accordance with its terms. Nationwide seeks summary judgment on the grounds that the plaintiffs' covered damages do not exceed their deductible.

Under Rule 56 of the Federal Rules of Civil Procedure, the Court may consider the pleadings, depositions, answers to interrogatories and admissions. Nationwide asserts that its damage estimates, which are unsworn and unsigned, establish its right to have this action dismissed. These damage estimates are submitted as exhibits 3 and 4 to Nationwide's motion.

Exhibit 3 is composed of three documents. All three appear to be letters or reports concerning inspections of the insured property. All three appear to reflect the findings or opinions of Mr. Mike Goodman, an "Estimator."

The first of these documents appears to be a six-page form letter dated October 11, 2005. The letter recites that "the estimate for repairs needed to restore your damaged property" is enclosed. The letter refers to Edwina Vonkeisler as the insured and to the property at 128 Carroll Avenue, Bay St. Louis, Mississippi. The first two pages of the letter contain a number of admonitions and instructions to the insured concerning the cost of making repairs.

The third page of the first letter reflects that no damage to the roof was found.

The fourth page of the first letter reflects that there was food spoilage of $350.

The fifth page of the first letter reflects that after adding 7% in taxes to the $350 in food spoilage the "Replacement Cost Value" totals $374.50 and that this amount is offset by the insureds' deductible.

Page six of the first letter is a diagram of the roof with no narrative included.

The letter is unsigned.

The second of these documents is also a form letter, five pages long, dated October 11, 2005. The first three pages appear to be identical to the first three pages of the first letter.

The fourth page of the second letter reflects that there was live tree debris removal damage of $408.54.

The fifth page of the second letter reflects that after adding 7% in taxes to the $408.54 in tree debris removal the "Replacement Cost Value" totals $437.14 and that this amount is offset by the insureds' deductible.

The second letter is also unsigned.

The third of these documents is also a form letter, six pages long, dated October 11, 2005. The first three pages appear to be identical to the first three pages of the first and second letter.

The fourth page of the third letter reflects damage of $472.85 to a "shed1." This page also reflects damage of $272.36 to remove a tree from a "flat roof."

The fifth page of the third letter reflects damage of $381.32 to a "shed2." This page also reflects the total damage of $1,126.53 for "shed1," "flat roof," and "shed2."

The sixth page of the third letter reflects that after adding 7% in taxes to these damages, and after taking depreciation into consideration, the total is offset by the insureds' deductible.

The third letter is also unsigned.

Exhibit 4 is a two-page unsigned letter from "Michael Goodman" to "Edwina And Elizabeth Durpree Vonkeisler" dated October 27, 2005.  This letter acknowledges that the inspection of the insured property indicated that there was both wind and water damage.  The rest of the letter is a recitation of the water damage exclusion and a reservation of rights.  The last line of the letter indicates that "An estimate for the covered damages is being prepared and our payment for those damages will be forthcoming."

Nationwide has submitted no other substantive evidence in support of its motion for summary judgment.  The rest of Nationwide's submission consists of its policies (flood and homeowners) and copies of the payment checks for the plaintiffs' flood coverage.

There was obviously extensive damage to the insured property.  Under the flood coverage it sold, Nationwide has paid the insureds the $139,100 policy limits.  Plaintiffs have sued for the policy limits of their Nationwide homeowners policy (and other damages).  Nationwide asserts that the wind damage under the Nationwide policy is less than the policy deductible, but it has submitted no depositions, answers to interrogatories, pleadings, or affidavits to support this conclusion.

I find that the unsworn, unsigned exhibits submitted in support of Nationwide's motion for summary judgment are insufficient to sustain Nationwide's burden, as the moving party, to demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Accordingly, the motion for summary judgment will be denied.

An appropriate order will be entered.

Decided this 24th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge